**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| **GRANT LEON TURNER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **1:09CV433** |
| **v.** | ) | **1:01CR209-1** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Grant Leon Turner, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 70.)[1] Petitioner was indicted for, and convicted by a jury of, possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1) and retaliating against a witness in violation of 18 U.S.C. § 1513(b)(2). (Docket Nos. 3, 24.) He was then sentenced to two concurrent terms of 300 months of imprisonment. (Docket No. 37.) Petitioner filed an appeal, but his convictions and sentences were upheld by the Fourth Circuit Court of Appeals. (Docket Nos. 58, 59.) The United States Supreme Court then denied certiorari. *United States v. Turner*, 537 U.S. 989 (2002). Petitioner later filed two motions under § 2255. (Docket Nos. 65, 66.)

---

[1] This and all further cites to the record are to the criminal case.

However, these were dismissed without prejudice. Petitioner has now filed his current motion under § 2255. Respondent has filed a response seeking to have the motion denied (Docket No. 79), Petitioner has filed a reply (Docket No. 83), and the matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

Petitioner raises three claims for relief in his motion. In all of them, he claims to be "actually innocent" of his criminal history as calculated at sentencing, certain sentencing enhancements, and/or his sentence generally.

Respondent's response to Petitioner's claim is twofold. First, as it correctly notes, Petitioner's motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003). Here, the Petitioner's direct appeal ended, and his conviction became final, when the Supreme Court denied certiorari on October 21, 2002. Petitioner's motion was filed in June of 2009, nearly seven years after his conviction became final. It is well out of time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right. This subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims in his motion are based on facts that existed and either were, or could have been, known to him at the time of his sentencing. Therefore, this subsection also does not apply and Petitioner's motion is untimely.

The Fourth Circuit and a number of other courts have held that the one-year limitation period is subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000);

*Sandvik*, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful conduct of the government or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Harris*, 209 F.3d 325; *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000).

Petitioner makes no argument that his petition is timely or that he is entitled to equitable tolling under the standards just set out. Instead, he relies on what he contends is a different exception to the limitations period. He argues that he can bring his claims at any time because he is "actually innocent" of the sentencing enhancements that were applied to him. Petitioner cites no binding case law, and the Court knows of none, which allows for any such exception to the AEDPA limitation period. It certainly is not present in 28 U.S.C. § 2255.

Petitioner does cite to a number of cases in his reply brief. However, these cases deal with the actual innocence exception to procedural bars. The limitation period in § 2255 is a time bar, not a procedural bar. While at least one case, *Souter v. Jones*, 395 F.3d 577, 599-600 (6th Cir. 2005), has allowed tolling of the AEDPA time limits based upon actual innocence, others reject that approach. *See Escamilla v. Jungwirth*, 426 F.3d 868, 871-72 (7th Cir. 2005)(those claiming innocence must meet statutory time limits just like those raising other claims); *David v. Hall*, 318 F.3d 343, 346-47 (1st Cir. 2003)(Congress knew

how to formulate an actual innocence exception, but did not); *Flanders v. Graves*, 299 F.3d 974, 977-78 (8th Cir. 2002)(no actual innocence exception separate from usual equitable tolling factors); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002)(claims of innocence do not justify equitable tolling). Because the Court finds that the cases refusing to allow the exception contain the more compelling arguments, it will not recognize Petitioner's proposed exception to AEDPA.

Petitioner's argument also fails for another reason. Even if the Court were to find the existence of an actual innocence exception to the one-year time limit, it would not apply in this case. Petitioner's first claim of "innocence" is that the two convictions listed in Paragraphs 26 and 27 of the PSR should not have been counted as each contributing three points to his criminal history because they were consolidated for judgment. This is not correct. Those paragraphs actually show that the crimes were committed on two different occasions, that two separate judgments were entered on October 18, 1999 and August 30, 1999, and that these judgments resulted in separate sentences for Petitioner. The exhibits Petitioner attaches to his § 2255 motion reflect this as well. (Docket No. 70, Exs. A, D.) Also, the fact that they were each counted as part of his criminal history is irrelevant. Due to his designation as an armed career criminal, Petitioner's criminal history was a level VI regardless of the points counted for his prior convictions. (PSR ¶ 30.)

Petitioner's second argument is that he is "actually innocent" of the criminal history points calculated in Paragraphs 24 and 25 of the PSR because he was not represented by

counsel. Again, this argument is irrelevant based on his armed career criminal status and the associated level VI criminal history.

In his reply brief, Petitioner adds an argument attacking the armed career criminal designation. He claims that the conviction listed in Paragraph 26 of the PSR should not count as a serious drug offense supporting that designation because the amount of cocaine involved with the conviction, 3.7 grams, is too small to infer an intent to distribute. There is no need to infer any intent in this instance. Petitioner pled guilty to having that intent. (PSR ¶ 26.) Therefore, the conviction was properly counted as a serious drug offense. Petitioner also argues that his conviction for assault on a female, which is set out in Paragraph 25 of the PSR, should not have been used as a predicate for his status as an armed career criminal because it was an uncounseled conviction. This claims fails, if for no other reason, because it appears that the conviction was not used as a predicate offense. That conviction occurred in the District Court for Graham County, North Carolina and was a misdemeanor conviction. (Docket No. 70, Ex. G.) It appears that the felonies used to designate Petitioner as an armed career criminal were the convictions listed in Paragraph 23 (attempted common law robbery), Paragraph 26 (possession with intent to distribute cocaine), and Paragraph 27 (breaking and entering a residence/larceny after breaking and entering) of the PSR. Petitioner has raised no valid challenges as to these convictions. Petitioner's actual innocence arguments fail for all the reasons just discussed and he is not entitled to proceed with his untimely petition.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No.70) be denied and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: February 9, 2010