# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GRANT LEON TURNER,      )
     )
         Petitioner,      )
     )      **1:09CV433**
     v.      )      **1:01CR209-1**
     )
UNITED STATES OF AMERICA,      )
     )
         Respondent.      )

## ORDER

The Recommendation of the United States Magistrate Judge ("Recommendation") was filed with the Court in accordance with 28 U.S.C. § 636(b) and, on February 9, 2010, was served on the parties in this action. Petitioner timely objected to the Recommendation ("Objections").

The Court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's report. The Court therefore adopts the Magistrate Judge's Recommendation.

Among Petitioner's objections is the assertion that the Magistrate Judge erred in finding the Petitioner's claim time-barred. Objections 2-5. Petitioner claims that Mobley v. United States, 974 F.Supp. 553 (E.D. Va. 1997), supports his assertion that actual innocence of designation as an armed career criminal circumvents the time-

bar of 28 U.S.C. § 2255. Id. at 3-4. However, Petitioner's reliance on Mobley is misplaced. First, Mobley is not binding precedent for this Court. Further, Mobley failed to raise at the time of sentencing or on direct appeal the error in his criminal record that ultimately subjected him to a sentence enhancement as an armed career criminal. 974 F.Supp. at 555. Thus, in Mobley, the issues involved a procedural default, not a time-bar, and whether Mobley's actual innocence of a predicate offense excused the procedural default. Id. As the Magistrate Judge correctly stated, there is little consensus between the appellate courts and no controlling precedent from the Fourth Circuit as to whether actual innocence can toll the time limitations of 28 U.S.C. § 2255. See Recommendation 4-5. Furthermore, even if actual innocence were applicable within the Fourth Circuit to toll the statute's time-bar, Petitioner has not asserted that he is actually innocent of the predicate offenses supporting his designation as an armed career criminal.[1] Cf. United States v. Maybeck, 23 F.3d 888 (4th Cir. 1994) (determining defendant, whose 28 U.S.C. § 2255 motion would have been procedurally barred, to be actually innocent of being a career offender because he was actually innocent of armed burglary, a crime used to support his designation as a career offender).

---

[1]In his Objections, Petitioner discusses a guilty plea in 98CRS32484 and the dismissal of associated charges. Objections 7. He claims the PSR conflicts with this state record and "is due to be corrected." Id. Although Count 2 of 98CRS32483 and Counts 1 and 4 of 98CRS32485 were dismissed pursuant to Petitioner's plea deal, Count 1 of 98CRS32483, Count 1 of 98CRS32484, and Counts 2 and 3 of 98CRS32485 remained and are reflected in Petitioner's PSR in paragraph 26. See Docket No. 88, Ex.

On the other hand, as the Magistrate Judge noted, the Fourth Circuit has directly addressed equitable tolling of the time bar in 28 U.S.C. § 2255. See, e.g., Harris v. Hutchinson, 209 F.3d 325 (2000). The application of equitable tolling turns on whether a petitioner was unable to assert claims due to the government's wrongful conduct or whether extraordinary circumstances outside of the petitioner's control prevented timely filing despite petitioner's diligent efforts. Id. at 330. Petitioner has made no such argument. Consequently, the Magistrate Judge's conclusion that Petitioner's motion is time-barred is correct.

**IT IS THEREFORE ORDERED** that Petitioner's motion to vacate, set aside or correct sentence [Docket No. 70] is **DENIED** and that this action is dismissed with prejudice. A Judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This, the 15th day of August, 2011.

    /s/   N. Carlton Tilley, Jr.
Senior United States District Judge