IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GRANT LEON TURNER, )
)
        Petitioner, )
) 1:12CV706
v. ) 1:01CR209-1
)
UNITED STATES OF AMERICA, )
)
        Respondent. )

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner Grant Leon Turner, a federal prisoner, has brought what the Court docketed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:01CR209-1, Doc. #99]. On July 24, 2001, Petitioner was convicted of one count of possessing a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count One) and one count of retaliating against a witness in violation of 18 U.S.C. § 1513(b)(2) (Count Two). He was sentenced to 300 months of imprisonment as an Armed Career Criminal to be followed by 5 years of supervised release. Petitioner later filed the present Motion [Doc. #99].

Petitioner raises a single claim for relief in his Motion, which is based on the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Specifically, Petitioner contends that his sentence under 18 U.S.C. § 924(e) is invalid because the prior North Carolina state convictions used to support the Armed Career Criminal sentencing enhancement were not punishable by more than one year of imprisonment in light of Simmons. The Government filed a Response [Doc. #106], conceding that Petitioner's prior

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GRANT LEON TURNER, )
)
    Petitioner, )
) 1:12CV706
v. ) 1:01CR209-1
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner Grant Leon Turner, a federal prisoner, has brought what the Court docketed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:01CR209-1, Doc. #99]. On July 24, 2001, Petitioner was convicted of one count of possessing a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count One) and one count of retaliating against a witness in violation of 18 U.S.C. § 1513(b)(2) (Count Two). He was sentenced to 300 months of imprisonment as an Armed Career Criminal to be followed by 5 years of supervised release. Petitioner later filed the present Motion [Doc. #99].

Petitioner raises a single claim for relief in his Motion, which is based on the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Specifically, Petitioner contends that his sentence under 18 U.S.C. § 924(e) is invalid because the prior North Carolina state convictions used to support the Armed Career Criminal sentencing enhancement were not punishable by more than one year of imprisonment in light of Simmons. The Government filed a Response [Doc. #106], conceding that Petitioner's prior

convictions would not support his sentence under § 924(e), and further conceding that Petitioner's prior state convictions would not support his conviction under § 922(g) as a felon in possession of a firearm in Count One. Specifically, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for the prior convictions listed in the Indictment as supporting the § 922(g) charge.

In its Response, the Government notes that the Court would lack jurisdiction to grant relief under § 2255 because Petitioner filed a previous § 2255 Petition and has not received certification from the Court of Appeals for the Fourth Circuit to file a second or successive motion, as required by 28 U.S.C. § 2255(h). However, the Government takes the position that Petitioner's Motion can be accepted as a Petition under 28 U.S.C. § 2241 and granted by this Court. The Government thus necessarily concedes that 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of [Petitioner's] detention" and that habeas corpus relief is available instead under 28 U.S.C. § 2241. See 28 U.S.C. § 2255(e); In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (concluding that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law"). In the Response [Doc. #106],

2

the Government asks that the Court vacate Petitioner's conviction as to Count One of the indictment.[1]

The Government has further affirmatively waived any statute of limitations defense that might otherwise apply.[2] In addition, although venue is ordinarily proper on a § 2241 Petition in the district where the Petitioner is incarcerated, the Government has raised no objection to venue, and agrees that this case should proceed in this District. See Kanai v. McHugh, 638 F.3d 251, 258 (4th Cir. 2011) (holding that this location limitation is "waived if not timely asserted"). The parties thus agree that Petitioner's Motion should be considered under 28 U.S.C. § 2241 and that pursuant to the § 2241 Petition, Petitioner's sentence and conviction on Count One should be vacated.[3] The Court has reviewed the state court documents reflecting Petitioner's prior

---

[1] The Court notes that this case is one of the few cases to be considered in this District in which a "second or successive" § 2255 Motion is construed as a § 2241 Petition on the Government's concession. Cf. Rice v. Rivera, 617 F.3d 802 (4th Cir. 2010) (noting that the Court has an obligation to satisfy itself of its jurisdiction to proceed under § 2241). In considering this issue, the Court notes that other districts within this Circuit have accepted similar concessions and proceeded in allowing relief under § 2241 in similar cases. See, e.g., Smith v. United States, No. 5:05CR207-1, 2012 WL 3727321 (E.D.N.C. Aug. 28, 2012). This Court has also begun to follow this approach. See United States v. Sneed, Case No. 1:02CR154 (M.D.N.C. January 24, 2012). Moreover, the Court also notes that the Government now takes the position that the Court should vacate the judgment and conviction in this case. When the Government moves to vacate a conviction, as they have requested here, the district court must grant that request "unless clearly contrary to manifest public interest." See Rice v. Rivera, 617 F.3d at 811. Thus, in the present case, if relief under § 2241 were not available, it nevertheless appears that the Government's Response could potentially be construed as a Motion to Vacate under Federal Rule of Criminal Procedure 48. See id.

[2] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[3] Thus, the Government has taken the position that Simmons applies on collateral review and that the claims raised are cognizable in these proceedings, at least with respect to defendants who were convicted under 18 U.S.C. § 922(g)(1) of being a felon in possession of a firearm or ammunition, but who would not have the

(continued...)

3

convictions listed in Count One of the Indictment, and the Court notes that Petitioner's prior convictions were Class H felonies with a prior record level of II, sentenced within the presumptive range. The maximum sentence he faced for those offenses under North Carolina law, as analyzed in Simmons, was less than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009). Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion be granted and that his conviction be vacated as to Count One.

Petitioner's conviction on Count Two of the indictment is not affected by Simmons or the Government's concession. However, as the parties note, Count One and its associated Armed Career Criminal enhancement controlled at sentencing to increase the otherwise

---

³(...continued)
requisite prior felony conviction in light of Simmons. In taking this position, the Government has agreed that Simmons announced a new substantive rule of criminal law, at least as to those defendants who were convicted under 18 U.S.C. § 922(g)(1) but who would not have a prior felony conviction in light of Simmons. Cf. Teague v. Lane, 489 U.S. 289, 306 (1989) (noting that new procedural rules are generally not applicable on collateral review, but new substantive rules are applicable on collateral review); Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (noting that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes"). This Court notes that the recent decision of the Court of Appeals for the Fourth Circuit in United States v. Powell concluded that the decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which preceded Simmons, was a procedural rule not retroactively applicable on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012). The Government has nevertheless taken the position that the decision in Simmons, unlike Carachuri, announced a new substantive rule of criminal law. Id.; see also United States v. Miller, Case No. 13-6254 (4th Cir.), Appellee's Brief filed March 29, 2013. However, in several recent unpublished decisions, the Court of Appeals for the Fourth Circuit has indicated that pursuant to Powell, Simmons is not retroactively applicable on collateral review. See, e.g., United States v. Peters, 2013 WL 1943801 (4th Cir. May 13, 2013). To the extent that Simmons may be considered a procedural rule not retroactively applicable on collateral review under Teague v. Lane, the Court notes that the Teague rule is not jurisdictional and may be waived if not raised. See, e.g., Collins v. Youngblood, 497 U.S. 37, 41 (1990) ("Although the Teague rule is grounded in important considerations of federal-state relations, we think it is not 'jurisdictional' in the sense that this Court, despite a limited grant of certiorari, must raise and decide the issue *sua sponte*."); Godinez v. Moran, 509 U.S. 389, 397 n.8 (1993); Schiro v. Farley, 510 U.S. 222, 229 (1994); Caspari v. Bohlen, 510 U.S. 383, 389 (1994) ("[A] federal court may, but need not, decline to apply Teague if the State does not argue it."); Frazer v. South Carolina, 430 F.3d 696, 704 n.3 (4th Cir. 2005). The Government has waived all such procedural bars in this case, which the Court construes as a waiver of any Teague bar that might apply if Simmons is construed as a procedural, rather than substantive, rule. Therefore, this Court will accept the Government's concession and will recommend that relief be allowed based on that concession.

4

applicable sentence for Count Two. Therefore, the Government also asks that Petitioner be resentenced as to Count Two. In his Reply, Petitioner agrees and requests "resentencing of Count Two." Trial courts have "broad and flexible power" in fashioning a remedy when granting relief under § 2255, including the option of entering a corrected judgment or conducting a full resentencing when some counts are vacated but others remain. See United States v. Hadden, 475 F.3d 652, 669-72 (4th Cir 2007). Based on this broad discretion and the parties' request, the Court concludes that resentencing is appropriate as to Count Two.[4]

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #99] be GRANTED, that the Judgment [Doc. #37] be VACATED, that Count One of the Indictment [Doc. #3] be DISMISSED, and that Petitioner be resentenced as to Count Two of the Indictment.

This, the 23rd day of July, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[4] The Court notes that Petitioner previously received a sentence of 120 months imprisonment on Count Two, running concurrently with the 300 month sentence in Count One. If Petitioner requests immediate entry of a Corrected Judgment rather than waiting for a full resentencing hearing, the Court would alternatively recommend entry of a Corrected Judgment, vacating the sentence and conviction on Count One and re-imposing the sentence of 120 months imprisonment and 3 years of supervised release on Count Two. Therefore, in response to this Recommendation, both Petitioner and the Government should indicate whether they are requesting entry of a Corrected Judgment re-imposing the prior 120-month sentence only as to Count Two, or whether they instead contend that a full resentencing hearing should be conducted before entry of the Amended Judgment.